O

# United States District Court
# Central District of California

| | |
|---|---|
| CINDY OSUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION et al.,<br><br>　　　　　Defendants. | Case № 2:22-cv-07960-ODW (PVCx)<br><br>**ORDER DENYING MOTION TO REMAND [10]** |

## I.　INTRODUCTION

On November 1, 2022, Defendant Target Corporation removed this slip-and-fall case to federal court based on diversity jurisdiction. (Notice of Removal ("NOR"), ECF No. 1.) Plaintiff Cindy Osuna now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 10.) The Motion is fully briefed. (Opp'n, ECF No. 11; Reply, ECF No. 13.) For the following reasons, the Court **DENIES** the Motion.[1]

## II.　BACKGROUND

Osuna alleges that, on October 5, 2020, she slipped and fell on blackberries at a Target store in West Covina, California ("Subject Store"). (NOR Ex. A ("Compl.")

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

¶¶ 4, 12, ECF No. 1.[2]) As a result, she experienced pain and sustained physical injuries requiring medical treatment. (*Id.* ¶¶ 11, 14–15, 22.)

Defendant David Rico is a current Target employee at the Subject Store, but he did not begin working there until April 18, 2022, more than a year and a half after Osuna's fall. (*See* NOR Ex. G (Decl. David Rico ("Rico Decl.")) ¶ 3.) On the date of Osuna's fall, Rico was employed at a different Target store located in Alhambra, California. (*Id.* ¶ 4.)

On June 22, 2022, Osuna initiated a civil action in Los Angeles Superior Court, asserting two causes of action for negligence and premises liability against Target and Rico. (Compl. ¶¶ 8–22.) On November 1, 2022, Target removed the case to federal court, based on discovery responses dated October 7, 2022, in which Osuna claims medical special damages in excess of $248,323.66. (NOR ¶ 5; *see also* NOR Ex. D ("Disc. Resps.").) Osuna now moves to remand. (Mot.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[2] All exhibits to the Notice of Removal are found at ECF No. 1.

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

### IV.  DISCUSSION

Osuna moves to remand on four bases. First, Osuna argues that Target failed to timely remove the case. (Mot. 4–5.) Second, Osuna asserts that the Court lacks subject matter jurisdiction because Osuna and Rico both reside in California, destroying complete diversity. (*Id.* at 5–6.) Third, Osuna argues that removal is procedurally defective because Rico did not join in the removal. (*Id.* at 6.) Finally, Osuna argues that remand is inevitable because Osuna may later identify and move to join additional defendants who are California residents, destroying complete diversity. (*Id.* at 6–7.) The Court addresses each argument in turn.

**A.  Timeliness of Removal**

Osuna argues that Target's removal was untimely because Target failed to remove within thirty days of being served with the Complaint. (*Id.* at 4–5.)

Under 28 U.S.C. § 1446(b)(3), a defendant must file a notice of removal within thirty days of receipt "of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "Courts have found that a defendant may remove under the 'other paper' provision of section 1446(b) based on a plaintiff's discovery responses or deposition testimony." *Steiner v. Horizon Moving Sys. Inc.*, 568 F. Supp. 2d 1084, 1087 (C.D. Cal. 2008) (finding defendant timely removed case within thirty days of plaintiff's deposition).

Defendants argue that Target's Notice of Removal was timely because Target filed it within thirty days of receiving Osuna's discovery responses, which first made Defendants aware that the amount in controversy exceeds $75,000. (Opp'n 2–3.) In Osuna's discovery responses, dated October 7, 2022, Osuna alleges medical special

damages in excess of $248,323.66.  (NOR ¶ 5; *see also* Disc. Resps.)  Target filed the Notice of Removal on November 1, 2022, which is within thirty days of receiving Osuna's discovery responses.  (*See* NOR; Disc. Resps.)  Accordingly, Target timely removed this action.

      Osuna argues that the Complaint includes allegations that she suffered severe and permanent injuries resulting from her fall, which provided sufficient notice that the amount in controversy exceeds $75,000.  (Mot. 4–5; Reply 2–3.)  However, a case does not become removable merely because the initial pleading "provides a 'clue' as to removability."  *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005)).  Here, Osuna's allegations in the Complaint are conclusory and do not include any specific damages amount.  (*See generally* Compl.)  Indeed, Osuna fails to allege any details concerning her injuries or the physical effects of such injuries.  (*Id.*)  At best, Osuna's Complaint provides only a "clue" that the amount in controversy could exceed $75,000.  *Harris*, 425 F.3d at 696.  This is insufficient to trigger the thirty-day removal period.

**B.    Complete Diversity**

      The parties do not dispute that (1) Osuna is a resident of California, (2) Target is a citizen of Minnesota, and (3) Rico is resident of California.  (NOR ¶ 9; Compl. ¶¶ 1, 3.)  The parties' dispute is limited to whether Rico was fraudulently joined such that the Court should ignore his citizenship for the purposes of its diversity jurisdiction analysis.  (Mot. 5–6; Opp'n 3–5.)

      "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  The Ninth Circuit has described two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant is not fraudulently joined, however, where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Furthermore, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

Here, Osuna asserts causes of action for negligence and premises liability against Target and Rico. (Compl. ¶¶ 8–22.) Under California law, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Hernandez v. Jensen*, 61 Cal. App. 5th 1056, 1064 (2021). "As in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages." *Annocki v. Peterson Enters., LLC*, 232 Cal. App. 4th 32, 37 (2014) (citing *Paz v. State*, 22 Cal. 4th 550, 559 (2000)).

Osuna's claims are premised on allegations that Target and Rico "owned, leased, operated, maintained, designed, installed, built, managed, supervised, inspected and/or controlled the [Subject Store] such that unsafe and dangerous conditions were created or caused to exist," which led to Osuna's fall. (Compl. ¶¶ 11, 17.) However, Target submits a declaration from Rico stating that on October 5, 2020,

the date of Osuna's fall, he "was not employed or working at the Subject Store." (Rico Decl. ¶¶ 2–4.) Rather, on October 5, 2020, Rico was employed as a manager at a different Target store and did not begin working at the Subject Store until more than a year and a half later, on April 18, 2022. (*Id.*; *see also* Opp'n 4.) Thus, Rico had no control over the premises where Osuna's alleged fall occurred and owed no duty of care to Osuna in relation to the Subject Store. Target accordingly meets its burden of establishing that Rico cannot be liable for Osuna's fall under any theory. *See Grancare*, 889 F.3d at 548.

Osuna argues Rico's declaration is insufficient to establish fraudulent joinder. (Mot. 5–6; Reply 3–5.) In particular, Osuna argues that Rico's declaration "does not even state that he was not present at the [Subject Store] on the date of the incident, that he had no involvement in the safety of the [S]ubject [S]tore, or that he was not involved in Target's safety policies and procedures." (Mot. 6.) This is unpersuasive. Rico's declaration is clear that he "was not employed or working at the Subject Store" on the day of Osuna's fall and that he did not begin working there until more than a year and a half later. (Rico Decl. ¶¶ 2–4.) Thus, Rico had no control over the Subject Store and no duty to maintain the Subject Store on the date of Osuna's fall.

Accordingly, Target establishes that Rico was fraudulently joined and his citizenship does not destroy the complete diversity between Target and Osuna. In addition, because Rico was fraudulently joined, the Court **DISMISSES** Osuna's claims against Rico. *See Isaacs v. Broido*, 358 F. App'x 874, 876–77 (9th Cir. 2009) (remanding case to district court "with instructions to amend its order denying remand to include a sua sponte judgment of dismissal against the fraudulently joined defendants").

### C. Joinder in Removal

Osuna argues that "[t]he removal here is procedurally defective because it has not been joined by Defendant Rico even though he has been served." (Mot. 6.)

When a civil action is removed solely under section 1441(a), as it was here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because Rico was fraudulently joined, *see supra* Part IV.B, his consent to the removal of this action is not required. *See* 28 U.S.C. § 1446(b)(2)(A). Nonetheless, Defendants argue that Rico consented to the removal by providing a declaration in support of the removal. (Opp'n 5.) Defendants also point out that Rico and Target are represented by the same counsel, who filed the Notice of Removal. (*See* Decl. Eugene J. Egan ISO Opp'n ("Egan Decl.") ¶¶ 1, 3, ECF No. 11; *see also* NOR.) The Court finds that by filing, through counsel, a declaration in support of Target's Notice of Removal, Rico sufficiently manifested consent to the removal. *Cf. Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 563 (C.D. Cal. 1988) (finding defendant manifested consent to removal by answering the complaint in federal court within the 30 day period). Moreover, Osuna does not rebut this argument in her Reply and, therefore, she concedes it. *See Did Bldg. Servs., Inc. v. N.L.R.B.*, 915 F.2d 490, 493 n.2 (9th Cir. 1990) (holding petitioner conceded point by failing to rebut it in reply brief).

**D.    Inevitability of Remand**

Finally, Osuna argues that remand is inevitable because Osuna may later seek leave to amend her pleadings to add additional employees as defendants, which, if permitted, would destroy complete diversity because any employees of the Subject Store would presumably be California residents. (Mot. 6–7; Reply 5.) This argument is speculative, premature, and does not provide any basis for remand at this time.

///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Osuna's Motion to Remand and **DISMISSES** Osuna's claims against Rico. (ECF No. 10.)

**IT IS SO ORDERED.**

February 6, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**